FILED
2014 Aug-19 PM 12:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **EMMANUEL AYANWALE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No: 2:12-cv-2191-AKK |
| | ) | |
| **DEPARTMENT OF YOUTH SERVICES**, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COST IN ITS ENTIRETY OR IN THE ALTERNATIVE PLAINTIFF'S MOTION TO REDUCE DEFENDANTS' BILL OF COSTS

COMES NOW the Plaintiff, by and through counsel, and files this objection to the taxation of the costs as specified in Defendants' Bill of Costs submitted by the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and 25 U.S.C. § 1920, or in the alternative Plaintiff files this Motion to Reduce Defendants' Bill of Costs.

## ARGUMENT

I.  DEFENDANTS' BILL OF COSTS SHOULD BE DENIED BECAUSE PLAINTIFF IS IMPOVERISHED AND THEREFORE CANNOT PAY THE BILL OF COSTS.

The Eleventh Circuit has held that whether to award the prevailing party costs is a matter well within the discretion of the court. *Chapman v. Al Transport*, 229 F.3d 1012, 1038 (11th Cir. 2002). Within that discretion is the court's authority to decline an award of costs in the presence of a sound basis for doing so. *Id.* The court may site the plaintiff's financial hardship or inability as a basis for this denial. *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982)

(considering financial resources when determining a plaintiff's ability to pay attorneys' fees).

Plaintiffs who lack the ability to pay costs plea unto the court asking that taxation of costs be denied. In *Belvins v. Helig-Meyers Corporation*, 184 F.R.D. 663, 668 (M.D. Ala. 1999), the district court held that plaintiff's poor financial condition justified an exercise of discretion to reduce the defendant's bill of costs. *Id.* at 669. In that case, the plaintiff would have suffered substantial financial hardship if she were required to pay her full share of the defendant's litigation costs. *Id.* Plaintiff was unemployed, and her monthly household bills exceeded her monthly income. The district court determined that defendant's bill of costs warranted a reduction because Plaintiff would not be able to pay costs.

Similarly, in the case at bar, Plaintiff has been unemployed for the duration of this litigation, over three years. Plaintiff has sought but been unable to obtain similar employment to the job he held with Defendant, DYS for 17 years. Plaintiff is having difficulty obtaining new employment because of his age . Plaintiff owns no property. Plaintiff's spouse has been solely responsible for all monthly bills, which account for all of her income. The payment of Defendants' exorbitant bill of costs would be an additional debt and financial burden placed on Plaintiff. (See Plaintiff Affidavit, Attached as Exhibit A hereto). Therefore, this court should deny the Defendants' Bill of Costs due to Plaintiff's lack of financial resources to pay the costs.

II. DEFENDANTS' BILL OF COSTS SHOULD BE DENIED BECAUSE DEFENDANTS FAILED TO SPECIFICALLY IDENTIFY COPYING EXPENSES AND NECESSITY.

Defendants' photocopying bill is not detailed enough to warrant taxation against Plaintiff for all copying expenses. "The burden of establishing entitlement to

photocopying expenses lies with the prevailing party." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002) (internal citations omitted). Taxing cost for photocopying requires identifying the documents copied with specificity and indicating the necessity for the documents in the litigation. District courts have required that the bill of cost state who was in possession of the original documents, where the copies went, what types of documents were copied. *Grady v. Bunzl Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D. Ga. 1995).

Defendants submit a copying bill in this case for $2116.75 in copying costs. Defendants list multiple copies of each document copied and do not indicate the purpose for the multiple copies. Courts have held that copies made for the convenience of counsel, or the records of counsel are not taxable. *Studiengesellschaft Kihle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir 1983) *Cappeletti Bros., Inc. v. Broward County*, 754 F.Supp. 197 (S.D. Fla. 1991). Accordingly, multiple copies of documents and documents copied merely for convenience of counsel or for counsel records are not taxable.

III. ALTERNATIVELY DEFENDANTS' BILL OF COST SHOULD BE REDUCED TO AN AMOUNT REFLECTIVE OF THE ACTUAL COSTS NECESSARY FOR LITIGATION.

As noted above, copying expenses are only taxable for copies necessary for litigation. Should the court determine that all the documents listed as responses to discovery are "necessary for litigation," Defendants' bill should be reduced to originals only, not duplicates. Further, copies of motions and pleadings are not taxable because they are not copies "necessarily obtained for use in the case." *Emmenegger v. Bull Moose Tube Co., 33 F.Supp.2d 1127, 1133 (E.D.Mo. 1998)*.

3

Any claim by Defendants for cost associated with pleadings, motions, or extra copies should be denied.

## CONCLUSION

When considering the Defendants' Bill of Costs, the district court has the discretion to look to Plaintiff's financial hardship in denying the bill of costs. Plaintiff has shown through his Affidavit that he does not have the financial means to pay the bill of costs.  Defendants' also fail to identify the source of copying charges with specificity and necessity.  Alternatively, Defendants' bill should be reduced to account for the exorbitant amount of papers copied in duplicate, and motions and pleadings copied for counsel records or convenience

                          Respectfully submitted,

                          */s/ Leslie A. Palmer*
                          Leslie A. Palmer (PAL024)
                          ATTORNEY FOR PLAINTIFF

OF COUNSEL:
Palmer Legal Services
P.O. Box 35
Kimberly, AL 35091
leslie@palmerlegalservices.com
Tel:   (205) 285-3050

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    T. Dudley Perry, Jr.
    General Counsel
    Alabama Dep't of Youth Services
    PO. Box 66
    Mt. Meigs, AL 36057
    Direct: (334) 215-3803
    E-mail: dudley.perry@dys.alabama.gov

                                    */s/ Leslie A. Palmer*
                                    Leslie A. Palmer
                                    (PAL024)
                                    ASB-0436-L40P
                                    ATTORNEY FOR PLAINTIFF