# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EMMANUEL AYANWALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number |
| vs. | ) | 2:12-cv-2191-AKK |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| YOUTH SERVICES, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is Defendants' bill of costs for $2,116.75, doc. 58, and Emmanuel Ayanwale's objection and motion to reduce the amount, doc. 59. Defendants claim they incurred $2,116.75 in costs for seven sets of photocopies they had to make for either discovery or motion purposes. Doc. 56-2. Ayanwale claims that the court should deny Defendants' bill of costs either because Ayanwale lacks the ability to pay the costs, or because Defendants failed to adequately specify the necessity of costs. Doc. 59 at 1-2. Alternatively, Ayanwale argues that the court should reduce the bill of costs to an amount that more accurately reflects the costs necessary for the litigation. *Id*. at 3.  For the reasons

stated below, the court grants Ayanwale's alternate request for relief and taxes costs in the amount of $1,102.75.

Rule 54(d) of the Federal Rules of Civil Procedure provide that "costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." *Loughan v. Firestone Tire and Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985) (citing *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963)). The court, however, must limit costs awarded under Rule 54(d) to the list of items set forth in 28 U.S.C. § 1920 and other related statutes. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Recognizing that costs are generally due to a prevailing party and that copying costs are generally available, Ayanwale focuses on his financial ability and the alleged lack of specificity. The court addresses his contentions in turn.

**A.    Ayanwale's Financial Circumstances**

Courts may, but are not required to consider the financial status of a non-prevailing plaintiff when considering the award of costs pursuant to Rule 54(d). *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). Because substantial documentation of a true inability to pay is required, a party may not rely on unsupported, self-serving statements. *Id.*; *McGill v. Faulkner*, 18 F.3d 456,

459 (7th Cir. 1994). Instead, there must be "clear proof of the non-prevailing party's dire financial circumstances before [the party's inability to pay] can be considered." *Chapman*, 229 F.3d at 1039. Moreover, "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Id.*

Ayanwale's proof of hardship is far from clear. Indeed, his only documentation is a three page, fill-in-the-blank affidavit in which he attests that he owns no property or other assets and that his liabilities include a mortgage and student loan debt. Doc. 59-1 at 2-3. However, Ayanwale provided no documentary proof of the amount of his mortgage and loan payments, or any other liability or obligation. Absent "clear proof" of Ayanwale's financial circumstances, this court has no basis to consider whether Ayanwale can pay the costs requested by

Defendants. *Chapman*, 229 F.3d at 1039.[1] Accordingly, the court will not consider this factor.

**B.     Defendants' Lack of Specificity**

Ayanwale contends next that Defendants failed to specifically identify the copying expenses they seek to recover. This contention is without merit because Defendants filed an affidavit with supporting exhibits identifying, with specificity, the purpose of each set of photocopies. Doc. 58-1; Doc. 58-2.

**C.     Necessity of the Photocopies**

Ayanwale argues that the bill of costs should be reduced to an amount reflecting the actual costs necessary for litigation. Doc. 59 at 3. "Photocopying is considered a taxable cost pursuant to 28 U.S.C. § 1920 (4). To be taxable, the copies must be necessarily obtained for use in the case. Copies made for the

---

[1] Assuming, arguendo, Ayanwale's affidavit were sufficient to allow the court to reach the question of his ability to pay costs, the court is not convinced that Ayanwale's financial circumstances render him unable to pay the taxed costs of $2,116.75. Ayanwale's wife's annual income is approximately $28,600. *See Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 447 (4th Cir. 1999) (court refused to reduce award where plaintiff had "sufficient access to marital property" and a 401(k)). Moreover, the court finds it curious that Ayanwale claims no property interests while simultaneously claiming a mortgage payment. Doc. 59 at 2, Doc. 59-1 at 2. While the court acknowledges that, under certain circumstances, an individual may be liable for a monthly mortgage payment without a corresponding property interest, Ayanwale has not provided any indication that he is one of those individuals.

convenience of counsel are ordinarily not taxable costs." *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988). "The burden of establishing entitlement to photocopying expenses lies with the prevailing party." *Scelta v. Delicatessen Support Servs., Inc.,* 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002). As this court recently stated:

> "The [prevailing party] may include charges attributable to discovery, if the charges were for copies, pleadings, correspondence, and other documents tendered to the [other side]. Counsel may also include copies of exhibits and documents prepared for the court's consideration of its motion for summary judgment [and] copies of pleadings, motions, and memoranda, which were provided to this court, but may not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of attorneys."

*Hall v. Siemens VDO Auto. Electronics Corp.*, No. 5:06-CV-1208, 2014 WL 1329553 at *3 (N.D. Ala. Mar. 31, 2014) (Blackburn, J) (quoting *Fressell v. AT&T Tech's, Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)).

**1.      Copies pursuant to Ayanwale's Request for Production.**

The gist of the dispute here centers on Defendants' request for the court to tax Ayanwale for two copies Defendants made for four sets of discovery responses. Doc. 58-2 at 1. The four entries consist of photocopies Defendants made to respond to a request for production of documents it received from Ayanwale. Presumably, Defendants tendered one set of these documents to Ayanwale pursuant to Ayanwale's request, a fact Ayanwale does not contest.

Therefore, Defendants properly incurred the costs for this set of documents. However, the court will reduce the amount taxed on these four documents by half because Defendants have not met their burden of showing the necessity of the second set of copies. To the extent the second set was for Defendants' counsel, such costs are generally seen as copies for the "convenience of attorneys" and are not taxable. *See Hall*, 2014 WL 1329553 at *3.

### 2. Copies of Evidence Supporting Motions

The final three sets of materials consist of the exhibits Defendants submitted in support of their summary judgment motion, a supplemental submission in support of their summary judgment motion, and a motion to strike. Doc. 58-2. Defendant properly incurred the costs of their copies because the ALND Uniform Initial Order required Defendants to serve copies upon Ayanwale and to provide the court with a "courtesy copy." Doc. 16. Accordingly, Ayanwale will be taxed for the cost of two copies of each document.

## CONCLUSION

In light of the reasons stated above, the court is of the opinion that Defendants are entitled to an award of $1,102.75. This amount includes (1) one photocopy of each set of Defendants' response to Ayanwale's request for

production ($1,012.25), and (2) two copies of each set of exhibits underlying Defendants' respective motions ($90.5).

Accordingly, the court **taxes costs in the amount of $1,102.75** against Ayanwale.

**DONE** this 25th day of August, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE